UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Jowita Truchan (A 204 302 748) | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 21-cv-3281 |
| Alejandro Mayorkas, Secretary, | ) | |
| Department of Homeland Security and | ) | |
| Kevin Riddle, Field Office Director, | ) | |
| Chicago Field Office, U.S. Citizenship & | ) | |
| Immigration Services, | ) | |
| | ) | |
| Defendants. | ) | |

## PETITION FOR WRIT OF MANDAMUS

Plaintiff, Jowita Truchan, by and through her own and proper person and through her attorneys KRIEZELMAN BURTON & ASSOCIATES, LLC, hereby petitions this Honorable Court for a Writ of Mandamus directing the U.S. Department of Homeland Security and U.S. Citizenship and Immigration Services (hereinafter "USCIS") to adjudicate her I-485 application for lawful permanent resident status and her I-601 application for waiver of inadmissibility, and in support thereof, states as follows:

### Introduction

1. This is a civil action brought by Jowita Truchan to compel the Defendants to take action on her application for lawful permanent resident status (USCIS Form I-485) and her application for waiver of inadmissibility (USCIS Form I-601) filed by Plaintiff with U.S. Citizenship and Immigration Services ("USCIS") *nearly two years ago*.

**Jurisdiction And Venue**

2.     This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question) in conjunction with 28 U.S.C. § 1361 (mandamus), the Administrative Procedure Act (APA) (5 U.S.C. § 555(b)), and the Immigration and Nationality Act and regulations implementing it (Title 8 of the CFR).

3.     Under 28 U.S.C. § 1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 U.S.C. § 1331 because this action arises under the Administrative Procedure Act (APA) (5 U.S.C. § 555(b) and 5 U.S.C. § 702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4.     Under 28 U.S.C. § 1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5.     The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) states, "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 U.S.C. § 555(b). Plaintiff contends that the delay in processing his application is unreasonable.

6.     Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added). The Code of Federal Regulations further provides that "[e]ach applicant for adjustment of status under

2

this part *shall* be interviewed by an immigration officer," 8 C.F.R. § 245.6 (emphasis added); and, most importantly, that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial." 8 C.F.R. § 245.2 (emphasis added).

7. The language of the statute and these regulations are mandatory, not discretionary, and requires the Defendant to adjudicate the visa petition. USCIS has a mandatory duty to adjudicate applications and petitions and jurisdiction thus vests in mandamus before this Court. *Iddir v. INS*, 301 F.3d 492, 500 (7th Cir. 2002).

8. Venue of this action is proper under 28 U.S.C. § 1391(e)(3). The Defendants maintain offices in this district and the USCIS Office in this district will adjudicate Plaintiff's application for adjustment. Further, Plaintiff resides in Cook County, Illinois, which is within the judicial district of Northern District.

## Parties

9. Plaintiff Jowita Truchan was born in Poland. She resides in Cook County, Illinois.

10. Defendant Kevin Riddle is sued in his official capacity only. He is the Field Office Director of the Chicago Field Office of USCIS. As such, he is the Attorney General's designate for the Chicago area, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS.

11. Defendant Alejandro Mayorkas, Secretary for the Department of Homeland Security ("DHS"), is being sued in his official capacity only. Pursuant to the Homeland Security Act of 2002, Pub. L. 107-296, Defendant Mayorkas, through his delegates, has authority to adjudicate adjustment of status applications and visa petitions filed with the United States

Citizenship and Immigration Services (USCIS) and to accord lawful permanent resident status pursuant to 8 U.S.C. § 1255.

### Factual Background

12.  Plaintiff Jowita Truchan is a native and citizen of Poland.

13.  Plaintiff Truchan married Bartolomiej Truchan, a naturalized U.S. citizen, in 2012. Mr. Truchan filed an I-130 visa petition on behalf of Plaintiff Truchan on July 26, 2012 and USCIS approved the visa petition on January 15, 2013.

14.  Plaintiff Wielgus filed her Form I-485, application for adjustment of status with USCIS on July 24, 2019. Plaintiff Truchan entered the U.S. when she was 15 years old in 2005 and used a false passport and visa to enter the U.S. based on arrangements made by her parents. Due to her use of the false passport and visa, Plaintiff Truchan filed Form I-601, application for waiver of inadmissibility with USCIS on July 24, 2019.

15.  A visa has been available (immediate relative) for Plaintiff Truchan's Form I-485 since the time of filing.

16.  Plaintiff Truchan attended an interview before USCIS Chicago on October 19, 2020.

17.  To date, USCIS has still not decided on the adjustment or waiver applications.

18.  The Plaintiff has received no communication regarding final adjudication of the applications, nor has she been instructed to provide any further information or documentation to USCIS.

**Request For Relief**

19. Plaintiff has complied with all the requirements for filing her adjustment and waiver applications.

20. The Defendants have willfully and unreasonably delayed and have refused to adjudicate the application for lawful permanent resident status (Form I-485) and application for waiver of inadmissibility (Form I-601).

21. The delay in adjudicating the applications is not attributable to the Plaintiff.

22. The Defendants owe the Plaintiff a duty to adjudicate her applications and have unreasonably failed to perform that duty by not adjudicating the applications. This duty is owed under the Immigration and Nationality Act and its implementing regulations, as well as by the fact that by charging a filing fee, USCIS created for itself an obligation to process and adjudicate the applications.

23. The delay is unreasonable per se.

24. Plaintiff has exhausted all administrative remedies that may exist. No other remedy exists to resolve Defendants' delay and lack of ability or willingness to adjudicate the application.

WHEREFORE, and in light of the foregoing, Plaintiff Monika Jowita Truchan prays that this Honorable Court:

A.  Assume jurisdiction herein;

B. Compel the Defendants and those acting under them to perform their duty or duties to adjudicate the application for lawful permanent resident status;

C.  Grant such other and further relief, as the Court deems appropriate and just.


Dated:  Chicago, Illinois                              Respectfully Submitted,
        June 18, 2021                                  Jowita Truchan

                                                       By: s/ Kevin Raica
                                                       One of her attorneys


Kevin Raica, Esq.
Kriezelman Burton & Associates, LLC
200 West Adams Street, Suite 2211
Chicago, Illinois 60606
(312) 332-2550
kraica@krilaw.com